UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**HERBERT ARCHIE WARD**                                                              **PETITIONER**

v.                                                                    **CIVIL ACTION NO. 3:13CV-P72-R**

**KENTUCKY DEPARTMENT OF CORRECTIONS**                                 **RESPONDENT**

**MEMORANDUM OPINION**

Petitioner Herbert Archie Ward filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  By Order entered March 18, 2013, the Court directed Petitioner to amend the petition to reflect the name of the proper Respondent; denied his application to proceed without prepayment of fees; and directed him to pay the $5.00 filing fee.  The Court warned Petitioner that his failure to comply with any part of the Order within 30 days might result in dismissal of the action.  The 30 days have passed, and a review of the record reveals that Petitioner has not complied with the Order.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court.  *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal.").  Additionally, courts have inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).  Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood

by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan*, 951 F.2d at 110.

Because Petitioner failed to comply with an Order of this Court, the Court concludes that he has abandoned any interest in prosecuting this action.

Therefore, by separate Order, the Court will dismiss the instant action.

Date:

cc:    Petitioner, *pro se*
       Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals, 1024 Capital Center Drive, Frankfort, KY 40601
4413.005